ORDERED in the Southern District of Florida on December 30, 2009.



A. Jay Cristol, Chief Judge Emeritus
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

MERENDON MINING (NEVADA), INC.　　　　　　　　Case No. 09-11958-BKC-AJC
a/k/a MILO BROST

　　　Debtor.
_____/

**ORDER CONDITIONALLY GRANTING TRUSTEE'S EX-PARTE MOTION TO
ESTABLISH LIMITED NOTICE**

THIS CAUSE came before the Court upon the *Trustee's Ex-Parte Motion to Establish Limited Notice* filed December 24, 2009 (D.E. 73).  The motion seeks authority to limit notice as contemplated by Local Rule 2002-1(K).  The Court believes the relief requested in the motion is in the best interest of the estate and its creditors, helping to alleviate the administrative and economic burden on the estate that service on approximately 2000 creditors would impose.

Notwithstanding the savings to the estate that limited notice will provide, all creditors are entitled to notice and an opportunity to be heard in many matters pending and to be brought in this case – not just those creditors against whom relief is directly sought. In that regard, due process and fairness will be served if the limiting of notice is conditioned upon the establishment of a website where all motions and orders served on limited notice can be viewed by all creditors and interested parties. Accordingly, it

**ORDERED AND ADJUDGED** as follows:

1. The *Trustee's Ex-Parte Motion to Establish Limited Notice* filed December 24, 2009 (D.E. 73) is GRANTED ***provided that*** the Debtor establish a website where all motions and orders being served on limited notice can be viewed by the creditors and interested parties of this estate; and, the Debtor shall provide to all creditors and interested parties notice of the establishment of such website, and the website address therefor.

2. Upon the establishment of a website and after giving notice to all creditors and interested parties of same, the Debtor may thereafter limit notice in this Chapter 7 case so that notice may be made only to:

    a. the Office of the United States trustee;

    b. the Debtor;

    c. the Debtor's attorneys;

    d. the members of and attorneys to any official committee established pursuant to 11 U.S.C. §1102 and, before such appointment, the creditors shown on the Debtor's Consolidated List of Thirty Largest Unsecured Creditors;

2

    e.    all creditors holding claims known to be secured by property in which the estate has an interest;

    f.    the United States and its agencies as required by Bankruptcy Rule 2002(j);

    g.    those parties and attorneys who have formally requested notice by filing with the Court and serving upon Debtor's attorney a notice of appearance or request for service of notices and papers in this Chapter 11 case;

    h.    any examiner or trustee (and their attorneys) who may be appointed; and,

    i.    any party against whom direct relief is sought by motion, application or otherwise, including without limitation, the non-debtor party to an executory contract being assumed or rejected, parties asserting interest in property being sold, and the like.

###

**Submitted by:**

Ivan J. Reich, Esq.

(Attorney Reich shall upon receipt serve a copy of this Order upon all creditors and interested parties and file a certificate of service.)
I